UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAKOTA L. M.

                        Plaintiff,

v.                                                       1:20-CV-1788
                                                            (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC    KENNETH HILLER, ESQ.
  Counsel for Plaintiff                               MELISSA KUBIAK, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                JESSAMYN HANNA, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned.  (Dkt. No. 15.)  The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.**       **RELEVANT BACKGROUND**

### A. Factual Background

Plaintiff was born in 1989. (T. 62.) She completed the 10th grade. (T. 211.) Generally, Plaintiff's alleged disability consists of left-hand injury, allergies, cellulitis, sepsis, asthma, depression, anxiety, and migraines. (T. 63.) Her alleged disability onset date is January 2, 2018. (T. 62.) Her date last insured is March 31, 2021. (*Id.*) Her past relevant work consists of factory laborer. (T. 24-25.)

### B. Procedural History

On September 28, 2018, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act. (T. 62.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On May 8, 2020, Plaintiff appeared before the ALJ, Sharda Singh. (T. 32-61.) On June 26, 2020, ALJ Singh issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 12-31.) On October 23, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 18-26.) First, the ALJ found Plaintiff met the insured status requirements through March 31, 2021, and Plaintiff had not engaged in substantial gainful activity since January 2, 2018. (T. 18.) Second, the ALJ found Plaintiff had the severe impairments of left hand complex regional pain syndrome; asthma; hypertension; status-post cellulitis of the left hand; obesity; and adjustment disorder with

mixed anxiety and depressed mood.  (*Id.*)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 19.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b); except, she could perform frequent fine and gross manipulations with the left non-dominant hand.  (T. 20.)[1]  The ALJ further found Plaintiff should avoid hazards, such as moving machinery and should avoid concentrated exposure to fumes, odors, dusts, and gases.  (*Id.*)  The ALJ found Plaintiff limited to simple, routine, repetitive, non-complex tasks with occasional contact with supervisors, co-workers, and the general public.  (*Id.*)  Fifth, the ALJ determined Plaintiff unable to perform past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 24-26.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues the ALJ erred when she found migraine headaches non-severe at step two and then subsequently failed to incorporate migraine headaches into the RFC analysis.  (Dkt. No. 11 at 17-21.)  Second, and lastly, Plaintiff argues the ALJ impermissibly used her own lay judgment when developing the specific limitations

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. § 404.1567(b).

included in the RFC. (*Id.* at 21-25.) Plaintiff also filed a reply in which she deemed no reply necessary. (Dkt. No. 14.)

### B.     Defendant's Arguments

In response, Defendant makes two arguments. First, Defendant argues substantial evidence supports the ALJ's finding that Plaintiff's migraines were non-severe. (Dkt. No. 13 at 9-16.) Second, and lastly, Defendant argues the ALJ properly considered the medical opinions pursuant to the Commissioner's revised regulations, and the RFC finding is supported by substantial evidence. (*Id.* at 16-29.)

## III.    RELEVANT LEGAL STANDARD

### B.     Standard of Review

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012). In particular, it requires deference "to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). It is not the Court's "function to determine *de novo* whether a plaintiff is disabled." *Brault,* 683 F.3d. at 447. "In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks

omitted). "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts 'only if a reasonable factfinder would have to conclude otherwise.' " *Brault,* 683 F.3d at 448. The Court "require[s] that the crucial factors in any determination be set forth with sufficient specificity to enable [the reviewing Court] to decide whether the determination is supported by substantial evidence." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (alterations and internal quotation marks omitted).

### C. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022).

### IV. ANALYSIS

#### A. Step Two Determination

Plaintiff argues the ALJ erred at step two in determining Plaintiff's migraine headaches were non-severe and failed to incorporate limitations due to migraine headaches into the RFC analysis. (Dkt. No. 11 at 17.) For the reasons outlined below, the ALJ properly assessed Plaintiff's migraines at step two and in formulating Plaintiff's RFC.

At step two of the sequential evaluation process, the ALJ must determine whether the plaintiff has a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1520(c). Although the Second Circuit has held that this step is limited to "screen[ing] out *de minimis* claims," *Dixon v. Shalala,* 54 F.3d 1019, 1030 (2d Cir.1995), the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala,* 895 F.Supp. 50, 53 (S.D.N.Y. 1995); *see Prince v. Astrue*, 514 F. App'x 18, 20 (2d Cir. 2013).

Indeed, a "finding of 'not severe' should be made if the medical evidence establishes only a 'slight abnormality' which would have 'no more than a minimal effect on an individual's ability to work.' " *Rosario v. Apfel,* No. 97-CV-5759, 1999 WL 294727, at *5 (E.D.N.Y. March 19, 1999) (quoting *Bowen v. Yuckert,* 482 U.S. 137, 154 n.12, 107 S.Ct. 2287 (1987)).

In addition, where an ALJ has omitted an impairment from step two of the sequential analysis, courts have declined to remand if the ALJ clearly considered the effects of the impairment in the remainder of his analysis. *See Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (finding the alleged step two error harmless

because the ALJ considered the plaintiff's impairments during subsequent steps); *see also* 20 C.F.R. § 404.1523 (stating that the ALJ is required to consider the "combined effect of all of [plaintiff's] impairments without regard to whether any such impairment, if considered separately would be of sufficient severity").

Here, the ALJ concluded Plaintiff's migraines were a non-severe medically determinable impairment. (T. 18.) The ALJ found, in general, Plaintiff received routine conservative treatment for her non-severe impairments, or in the case of brief aggressive treatment, the impairments failed to meet the duration requirement. (T. 18.) The ALJ determined Plaintiff's migraines were "managed conservatively with medication." (T. 18 citing 632.) The ALJ stated she "considered all of [Plaintiff's] medically determinable impairments, including those that are not severe, when assessing [Plaintiff's] residual functional capacity." (T. 19.) The ALJ concluded, overall, nothing in the record supported a finding that Plaintiff's non-severe impairments caused more than a minimal limitation in her ability to do basic work activities. (*Id.*)

Plaintiff argues evidence in the record indicates her migraines were not managed with medication and therefor the ALJ misstated the record. (Dkt. No. 11 at 19.) Although a portion of the record supports Plaintiff's assertion that her migraines did not respond to medication, the longitudinal record supports the ALJ's conclusion that Plaintiff's migraines were non-severe. Where substantial evidence supports the plaintiff's account, but there is also substantial evidence from which the ALJ reasonably could have ruled against the plaintiff, the court must defer to the agency determination. *Barrere v. Saul*, 857 F. App'x. 22, 24–25 (2d Cir. 2021).

To be sure, between October 2019 and February 2020, Plaintiff sought treatment for her migraines which she stated were not relieved with medications. (T. 629-638.) However, outside of these five months, the longitudinal record shows minimal complaints of, or treatment for, migraines. Indeed, primary care treatment records show no complaints of migraines in 2017, 2018, and most of 2019. (T. 439- 446, 452-468, 626-628, 639-672.) Records from this time period indicate Plaintiff was prescribed Naratriptan for migraine treatment. (*See generally id.*) Similarly, records from Plaintiff's pain management physician show no complaints of migraines. (T. 424-435, 508-513, 591-614.) Plaintiff reported daily migraines to the consultative examiner, Dr. Nikita Dave, in February 2019. (T. 474.) She stated she had experienced migraines since she was eight years old, and that they were not as bad as they had been in the past. (T. 474.) She reported the headaches ranged from mild to severe, denied ever seeing a neurologist for her migraines, and reported taking Tylenol, Excedrin and a triptan as needed. (*Id.*) Therefore, the ALJ did not misstate the record in concluding Plaintiff's migraines were generally managed with medication and substantial evidence supports the ALJ's reasoning and determination.

Plaintiff argues greater limitations were required in the RFC determination based on her testimony of limitations from migraines. (Dkt. No. 11 at 20-21.) Specifically, Plaintiff asserts that if the ALJ had incorporated limitations related to Plaintiff's migraines, such as an inability to maintain a schedule, a finding of disabled would necessarily follow. (*Id.* at 21.) However, a plaintiff's subjective complaints alone are not a basis for a finding of disability in the absence of corroborating objective medical evidence. *Mauro v. Comm'r of Soc. Sec.*, 746 F. App'x. 83, 84 (2d Cir. 2019). The

burden is on Plaintiff to show she was more limited than found by the ALJ, and while she cites heavily to her subjective complaints, this alone cannot compel a finding of greater restrictions.  20 C.F.R. § 404.1529 (subjective statements about pain or other symptoms alone will not support a finding of disability); *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (The ALJ "is not required to accept the claimant's subjective complaints without question," and "may exercise discretion" in weighing the allegations in light of the other evidence in the record).

Although Plaintiff testified, she experienced migraines every day which makes it "hard to do anything" (T. 53), no source provided work related limitations due to migraines.  Because of the "lack of medical evidence or other source opinions showing functional limitations on her ability to do basic work as a result of her migraines, the Court finds that there is substantial evidence in the record supporting the ALJ's determination that Plaintiff's migraines constitute a non-severe impairment." *Trombley v. Colvin*, No. 8:15-CV-00567, 2016 WL 5394723, at *6 (N.D.N.Y. Sept. 27, 2016).

In addition, although no medical source provided specific limitations due to migraines, sources did consider Plaintiff's combined impairments in assessing her work-related limitations.  Dr. Dave noted Plaintiff's complaints of headaches, and based on Plaintiff's examination and reports, found Plaintiff had moderate limitations for lifting, carrying, pushing and pulling of "heavy objects" and had additional environmental limitations due to asthma, allergies, and COPD.  (T. 477-478.)   Non-examining State agency medical consultant, Gary Ehlert, M.D., reviewed Plaintiff's record as of February of 2019.  (T. 71.)  Dr. Ehlert noted Plaintiff's complaints of headaches and her report to Dr. Dave that she took Excedrin or triptan.  (*Id.*)  He found Plaintiff had no exertional

9

limitations; however, Plaintiff should avoid concentrated exposure to pulmonary irritants and hazards.  (*Id.*)  At the reconsideration level, another non-examining State agency medical consultant, I. Seok, M.D. reviewed Plaintiff's record, including her headaches.  (T. 89.)  Dr. Seok found Plaintiff had no exertional limitations; however, she had additional manipulative limitations.  (T. 87.)  The ALJ concluded the findings of Drs. Ehlert and Seok were "somewhat persuasive," noting the record supported greater exertional limitations.  (T. 23.)  The ALJ found Dr. Dave's opinion "somewhat persuasive," and concluded the RFC "appropriately" accommodated for her findings.  (*Id.*)

Overall, the ALJ properly concluded Plaintiff's migraine headaches were non-severe and substantial evidence in the record supported the ALJ's determination.  Despite complaints of daily migraines, the record indicates Plaintiff reported migraine symptoms primarily between October 2019 and February 2020.  Further, no medical source provided limitations based on migraines.  Sources who did provide work related functional limitations based those limitations on Plaintiff's combined impairments, including migraines.

### B.   RFC Determination

Plaintiff asserts the ALJ "discounted every medical opinion of record for being stale or vague and therefore the ALJ impermissibly formulated an RFC absent a medical opinion.  (Dkt. No. 11 at 22.)  Contrary to Plaintiff's assertion, the ALJ did not commit legal error in formulating an RFC, or specific limitations within the RFC, absent a detailed function-by-function medical opinion.

An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ.  20 C.F.R. §§ 404.1545(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."), *see id*. §§ 404.1546(c) ("the administrative law judge or the administrative appeals judge at the Appeals Council . . . is responsible for assessing your residual functional capacity").  Additionally, the regulations direct an ALJ to "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources."  *Id*. § 404.1520c.

As an initial matter, the ALJ did not "reject" every medical opinion in the record.  As outlined herein, the ALJ found the consultative medical sources' administrative findings to be "somewhat persuasive."  (T. 23.)  Additionally, based on other relevant evidence in the record, the ALJ found Plaintiff more limited than provided for in the findings of non-examining State agency medical consultants Drs. Ehlert and Seok.  (T. 23.)  Remand is generally not warranted where the ALJ's RFC finding is more restrictive than the limitations set forth in the medical opinions of record.  *Baker v. Berryhill*, No. 1:15-cv-00943, 2018 WL 1173782, at *4 (W.D.N.Y. Mar. 6, 2018); *Lesanti v. Comm'r of Soc. Sec.*, 436 F. Supp. 3d 639, 649 (W.D.N.Y. 2020).

Contrary to Plaintiff's assertion, an ALJ's RFC determination is not fatally flawed merely because it was formulated absent a medical opinion.  The Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required."  *Monroe v. Comm'r of Soc. Sec.,* 676 F.

App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). Therefore, Plaintiff's assertion that the ALJ's RFC determination was the product of legal error because it was not supported by a specific medical opinion is without merit.

Plaintiff specifically questions the ALJ's finding Plaintiff was capable for frequent fine and gross manipulations with her left hand, arguing "it is entirely unclear how the ALJ developed the specific limitations." (Dkt. No. 11 at 23.) Plaintiff's argument fails. To be sure, remand may be appropriate, where an ALJ fails to assess Plaintiff's "capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). In other words, "the ALJ must simply explain the link between his RFC assessment and the record evidence supporting that assessment." *Paul v. Colvin*, No. 15-CV-310, 2016 WL 6275231, at *2 (W.D.N.Y. Oct. 27, 2016). Here, the ALJ provided sufficient analysis connecting the evidence to her RFC determination. *See Cichocki,* 729 F.3d at 178 n.3 (quoting *Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir.1983) ("An ALJ is not required to discuss in depth every piece of evidence contained in the record, so long [as] the evidence of record permits the Court to glean the rationale of an ALJ's decision.")).

In her written decision, the ALJ stated, "[a]s it relates to [Plaintiff's] impairments of the left upper extremity, she alleges significant pain and weakness preventing her

12

[from] performing various activities of daily living." (T. 21.) The ALJ proceeded to discuss normal objective medical findings, including a nerve conduction velocity study and an electromyographical study. (*Id.*) The ALJ considered Dr. Dave's findings on examination of impaired hand and finger dexterity, fine tremor and slightly diminished left hand grip strength. (*Id.*) The ALJ noted despite positive findings on examination, Plaintiff reported an ability to cook, clean, shop, and manage self-care. (*Id.*) The ALJ took into consideration Plaintiff's demonstrated ability to zipper, button and tie bilaterally, although slightly slower on the left. (*Id.*) Lastly, the ALJ considered treatment Plaintiff received such as nerve blocks and spinal cord stimulator. (T. 22.) Overall, the ALJ concluded the objective evidence was inconsistent with Plaintiff's alleged functional limitations related to her left upper extremity. (*Id.*) The ALJ concluded, given Plaintiff's allegation and the objective evidence, "accommodations such as frequent fine and gross hand manipulations with the left non-dominant hand have been assigned." (*Id.*)

Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *see also Wojciechowski v. Colvin,* 967 F.Supp.2d 602, 605 (N.D.N.Y. 2013) (Commissioner's findings must be sustained if supported by substantial evidence even if substantial evidence supported the plaintiff's position); *see also Jones v. Sullivan,* 949

F.2d 57, 59 (2d Cir. 1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute own judgment even if it might justifiably have reached a different result upon a *de novo* review). Therefore, contrary to Plaintiff's assertion, the ALJ specifically laid out the evidence in the record she relied on in making her conclusion Plaintiff was capable of frequent fine and gross manipulations of her left hand.

In sum, Plaintiff's contention that the ALJ improperly substituted her own opinion for competent medical opinion when she found that she could perform light work with additional non-exertional limitations, fails. Here, the ALJ based her RFC finding on administrative findings, objective medical evidence, and other relevant evidence in the record.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:  October 14, 2022

*William B. Mitchell Carter*
William B. Mitchell Carter
U.S. Magistrate Judge